**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | NO: 4:04CR00041  SWW |
| | * | |
| VS. | * | |
| | * | NO: 4:04CR00016  SWW |
| | * | |
| BOBBY KEITH MOSER | * | |

**ORDER**

Before the Court is a motion and supplemental motion for attorney fees by Barry J. Jewell ("Jewell") (docket entries #173, #182, case no. 4:04CR00041 SWW; docket entry #172, case no. 4:04CR00016 SWW); the United States' responses in opposition (docket entries #178, #183, case no. 4:04CR00041 SWW), and Jewell's reply (docket entry #179, case no. 4:04CR00041 SWW).  After careful consideration, and for the reasons that follow, the motions for attorney fees will be denied.

On August 6, 2004, Defendant Bobby Keith Moser ("Moser") entered a plea of guilty to all counts set forth in a superseding information charging him with mail fraud, money laundering, and interstate transportation of stolen property.  The superseding information gave notice that upon Moser's conviction for mail fraud, he would be required to forfeit, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461,  any property constituting or derived from proceeds obtained directly or indirectly as a result of his crime.   Title 28 U.S.C. § 2461(c), a criminal forfeiture statute, permits forfeiture of proceeds from mail fraud and provides that the procedures set forth in 21 U.S.C. § 853 apply to all stages of the  criminal forfeiture proceeding.  *See United*

*States v. Jennings*, 2007 WL 1610476, *17 (8th Cir. June 6, 2007).

On June 12, 2006, the United States filed, under seal, an application for seizure warrants for funds totaling $158,427.75 contained in pension and retirement trust accounts maintained by Jewell. In support of the applications, the United States submitted affidavits of Dan Elliot, a special agent with the IRS, who testified that funds directly traceable to the crimes committed by Moser, and subject to forfeiture as proceeds of Moser's crimes, were deposited in Jewell's accounts.

The Court found probable cause to believe that funds in Jewell's pension and retirement accounts were proceeds of Moser's crimes, and it issued the requested seizure warrants, which were executed. The United States moved to include the seized funds in an amended order of forfeiture, and the Court granted the motion. Jewell filed a petition, pursuant to 21 U.S.C. § 853(n), opposing the amended order of forfeiture and claiming a right to the seized account funds.

On April 4, 2007, the United States filed an indictment in a separate criminal case against Jewell. *See United States v. Jewell*, 4:07CR00103 JLH, docket entry #1. Pursuant to the third forfeiture allegation in the indictment against Jewell, the United States sought forfeiture of the same pension and retirement funds seized and included in the order of forfeiture in this case. *See United States v. Jewell*, 4:07CR00103 JLH, docket entry #1. The government sought and received a protective order in the separate criminal case against Jewell, requiring that the account funds seized on June 12, 2006, remain in a treasury suspense account pending adjudication of the criminal charges against Jewell. Additionally, on April 26, 2007, the Government filed a complaint seeking civil forfeiture of the same account funds at issue in this case and the criminal case against Jewell. *See United States v. $158,428.26 in United States Currency,* 4:07CV00451

JLH, docket entry #1.

On March 6, 2008, Judge Holmes issued orders in the civil forfeiture proceeding and the criminal case against Jewel, finding that 29 U.S.C. § 1056(d)(1) precludes the forfeiture of Jewell's pension and retirement funds, and he ordered the Government to return the funds seized from Jewell's accounts.  Pursuant to the doctrine of *res judicata*, this Court determined that the final judgment on the merits in the civil forfeiture case required vacation of the order of forfeiture in this case with respect to the seized pension funds.

The case is now before the Court on Jewell's motion for an award of attorney fees pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). CAFRA provides that the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred in "any *civil proceeding to forfeit property* under any provision of Federal law in which the claimant substantially prevails."   28 U.S.C. §  2465(b)(emphasis added).

Jewell argues that § 2465(b) applies because, according to him, a proceeding under § 853(n) is equivalent to a civil proceeding to forfeit property.  The government counters that a proceeding under § 853(n) is neither a criminal nor a civil forfeiture proceeding, but a quiet title proceeding that is ancillary to a criminal case for the purpose of determining whether a  third party claimant has a superior interest in seized property that was previously ordered forfeited as part of a criminal sentence.  The Court agrees with the government's position.

The *criminal* forfeiture of pension funds in this case was ordered as part of Moser's sentence, and Jewell's petition under § 853(n) was not part of a "civil proceeding to forfeit property."  Section 853(n) does not make a third party property claimant part of a criminal or a civil forfeiture proceeding, nor does it grant him a right to challenge the legality of the seizure of property that has been included in an order of forfeiture.  "[T]he plain language of the subsection

indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the [criminal] defendant." *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir. 2008).

Because the Court finds that this proceeding under § 853(n) does not qualify as a "civil proceeding to forfeit property" under § 2465(b), Jewell is not entitled to an attorney fee award under CAFRA. Accordingly, Barry J. Jewell's motion and supplemental motion for attorney fees (docket entries #173, #182, case no. 4:04CR00041 SWW; docket entry #172, case no. 4:04CR00016 SWW) are DENIED.

IT IS SO ORDERED THIS 19TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE