**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
|  | * | NO: 4:04CR00041 SWW |
| VS. | * |  |
|  | * |  |
| BOBBY KEITH MOSER | * | NO: 4:04CR00016 SWW |
|  | * |  |

## **ORDER**

Before the Court is the United States' motion to correct restitution payments (ECF No. 202). After careful consideration, and for reasons that follow, the motion is denied without prejudice. The Court will consider a revised motion that sets forth information specified in this order.

By amended order of restitution entered May 13, 2010, the Court ordered that Defendant Bobby Keith Moser make restitution payments to multiple payees, including "Kenneth and Hudson Way." The United States notifies the Court that the correct spelling for the latter-named restitution payee is "Hutson" Way,[1] and that he died on July 14, 2013. The United States asks the Court to correct the spelling of victim Hutson Way and to reissue the following checks, identified only by date and amount, that the Clerk issued to payees "Kenneth and Hudson Way."

July 15, 2014 - $97.17

---

[1] The United States previously identified the victim as "Hudson Way." *See* ECF No. 191, at 3.

    September 19, 2014 - $174.65
    December 19, 2014 - $211.14

The Ad Damnum Clause of the United States' motion reads as follows:

> WHEREFORE, pursuant to a request from the victim's attorney, Ms. Ginger Stuart, the United States prays that the Court issue an Amended Order directing the Clerk to (1) correct the spelling of the victim Hutson Way rather than Hudson Way, and (2) send checks in equal amounts to Kenneth Way and to Judy Way on behalf of the deceased, Hutson Way.

As part of the plea agreement in this case, Defendant stipulated that restitution is mandatory under the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, with related procedures codified at 18 U.S.C. §§ 3663, 3664.  The MVRA provides in pertinent part as follows:

> For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. *In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section,* but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 3663(a)(2)(emphasis added).

Although the Court possesses the authority to appoint another person to assume a deceased victim's right to restitution payments, the United States fails to state the relationship of Judy Way to Hutson Way and whether it is intended that Judy Way assume Hutson Way's right to restitution payments.   Additionally, it is not clear whether

the requested restitution payments are to be divided equally between Kenneth and Judy Way and paid by way of separate checks.

For the reasons stated, the motion to correct (ECF No. 202) is DENIED WITHOUT PREJUDICE.  The United States may file a second motion that contains the information specified in this order.

IT IS SO ORDERED THIS 29TH DAY OF JANUARY, 2015.

                                              UNITED STATES DISTRICT JUDGE